The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below.



**/S/ RUSS KENDIG**

Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) CHAPTER 7 |
| | ) |
| JAMES PETER TROYAN, | ) CASE NO. 10-63877 |
| | ) |
| Debtor. | ) ADV. NO. 10-6128 |
| | ) |
| AMERICAN FAMILY INSURANCE COMPANY, | ) JUDGE RUSS KENDIG |
| | ) |
| Plaintiff, | ) |
| v. | ) **MEMORANDUM OF OPINION (NOT** |
| | ) **INTENDED FOR PUBLICATION)** |
| JAMES PETER TROYAN, | ) |
| | ) |
| Defendant. | ) |

Plaintiff filed a motion for summary judgment pursuant to Federal Rule of Bankruptcy Procedure 7056, the bankruptcy adoption of Federal Rule of Civil Procedure 56, on February 15, 2011. Plaintiff contends a debt owed it as a subrogee of its insureds, who were injured in an accident caused by Debtor-defendant, is nondischargeable under 11 U.S.C. § 523(a)(9). Debtor opposed the motion.

The court has jurisdiction of this proceeding pursuant to 28 U.S.C. §§ 1334 and the general order of reference entered in this district on July 16, 1984. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

1

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## FACTUAL BACKGROUND

Debtor's negligent operation of a motor vehicle on February 26, 2008 caused injury to Plaintiff's insureds. Plaintiff paid claims on the insureds' behalf and alleges it became the subrogee of their claims against Debtor. In connection with the accident, Debtor was charged with operating a motor vehicle under the influence of alcohol ("OVI") pursuant to O.R.C. § 4511.19(A)(1)(f). He pled no contest, was found guilty and sentenced on March 11, 2008 in the Canton Municipal Court.

## LAW AND ANALYSIS

Motions for summary judgment are governed by Federal Rule of Bankruptcy Procedure 7056, which incorporates Federal Rule of Civil Procedure 56 into bankruptcy practice. The rule sets forth the foundation for summary disposition:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

Plaintiff, as movant, bears the initial burden of proof, with the "responsibility of informing the . . . court of the basis for [their] motion, and identifying those portions [of the record] . . . which [they] believe[] demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). In reviewing a motion for summary judgment, a court must construe the evidence in the light most favorable to the nonmoving party. Adickes v. S.H.Kress & Co., 398 U.S. 144, 158-59 (1970).

Plaintiff moves for summary judgment on its section 523(a)(9) nondischargeability claim. This section prevents discharge of a debt "for death or personal injury caused by the debtor's operation of a motor vehicle . . . if such operation was unlawful because the debtor was intoxicated from using alcohol, a drug, or other substance." Plaintiff argues that, because the Canton Municipal court found Debtor guilty and sentenced him on the OVI charge, there is no question of fact that he was unlawfully operating a vehicle while intoxicated. Debtor opposes summary judgment, arguing that Federal Rule of Evidence 410 bars use of the no contest plea to establish nondischargeability.

The court agrees with Debtor. Federal Rule of Evidence 410 succinctly states that evidence of a plea of nolo contendere is not admissible against the defendant in a subsequent civil or criminal

2

proceeding. *See also* Johnson v. Johns (In re Johns), 158 B.R. 687, 690 (Bankr. N.D. Ohio 1993) ("in any subsequent action, including a bankruptcy case, neither the plea of nolo contendere nor the conviction based on the plea may be admitted as either an admission, as a judgment of conviction, or to impeach."). Plaintiff simply cannot rely on the no contest plea as proof that debtor caused personal injury while unlawfully operating a motor vehicle under the influence of alcohol.

Plaintiff has introduced no other evidence of debtor's intoxication to satisfy its burden of proof on the 11 U.S.C. § 523(a)(9) claim. Consequently, it is not entitled to summary judgment.

An order shall be issued immediately.

# # #

**Service List:**

Andrew C Stebbins
William H. Keis, Jr.
Keis George llp
55 Public Square
#800
Cleveland, OH 44113

James Peter Troyan
2527 7th St NE
Canton, OH 44704